IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. FULBRIGHT,

                Plaintiff,

     v.                        CASE NO. 18-3198-SAC

CORIZON FOODS,

                Defendant.

**MEMORANDUM AND ORDER**

Plaintiff, Randall A. Fulbright, is a pre-trial detainee confined in the Shawnee County Jail in Topeka, Kansas. Plaintiff filed this pro se civil rights complaint under 42 U.S.C. § 1983 against Corizon Foods alleging improper diet and defects with his 2014 misdemeanor conviction for sexual battery. He seeks relief from registration under the Kansas Offender Registration Act, K.S.A. 22-4901, et seq. (KORA) and compensation for the poor diet he has received.

The complaint was filed on August 8, 2018. Plaintiff has not paid the $400.00 district court filing fee[1] or filed a motion for leave to proceed in forma pauperis. However, Plaintiff has long been subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).[2] Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated or detained in any

---

[1] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.
[2] *See Fulbright v. Kansas Bureau of Investigations*, No. 15-3127 (D. Kan. filed May 28, 2015), ECF Doc. 7 (dismissing plaintiff's complaint and finding the dismissal constituted plaintiff's third strike under 28 U.S.C. § 1915(g)).

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Accordingly, as Plaintiff has been repeatedly advised, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

Mr. Fulbright alleges he is in imminent danger from other inmates and "in relation to diet." ECF No. 1 at 3.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger[.]" *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011) (*quoting Kinnel v. Graves,* 265 F.3d 1125, 1127-28 (10th Cir. 2001)). He should identify at least "the general nature of the 'serious physical injury' he asserts is imminent." *Id.* at 1179 (*quoting White v. Colorado*, 157, F.3d 1226, 1232 (10th Cir. 1998)). "[V]ague and utterly conclusory assertions," such as those made by Mr. Fulbright, are not sufficient. *Id.*

Furthermore, Mr. Fulbright draws no correlation between the alleged imminent danger and the basis of his lawsuit. To meet the imminent danger exception, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2nd Cir. 2009); *see also Davis v. CoreCivic*, 2017 WL 4269986, *1 (W.D. Okla. Sept. 26, 2017); *Lynn v. Roberts*, 2011 WL 3667171, *1 (D. Kan. Aug. 22, 2011). The imminent danger must be fairly traced back to the asserted wrongs so that judicial relief on his claims could possibly redress the alleged danger. *Pettus,* 554 F.3d at 298-99. Here, Mr. Fulbright has not demonstrated any nexus between the alleged imminent danger and the claims he asserts.

Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $400.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 4, 2018,** to submit the $400.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 14th day of November, 2018, at Topeka, Kansas.

**s/_Sam A. Crow_____**
**SAM A. CROW**
**U.S. Senior District Judge**

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.